NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE
_____

CALVIN ROBERTSON, a single man; CALVIN ROBERTSON dba
Ehrenberg Swapmeet, an Arizona business,
*Plaintiff/Counterdefendant/Appellant*,


v.


LA PAZ COUNTY, a political subdivision,
*Defendant/Counterclaimant/Appellee*,


and


LA PAZ COUNTY BOARD OF SUPERVISORS,
*Defendant/Appellee.*

No. 1 CA-CV 13-0315
FILED 5-22-2014
_____


Appeal from the Superior Court in La Paz County
No. S1500CV201000142
The Honorable Michael J. Burke, Judge

**AFFIRMED**
_____

COUNSEL

Law Office of David J. Hossler, Yuma
By David J. Hossler
*Counsel for Plaintiff/Counterdefendant/Appellant*

LaPaz County Attorney's Office, Parker
By R. Glenn Buckelew
*Counsel for Defendants/Counterclaimant/Appellees*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**P O R T L E Y,** Judge:

**¶1**        Calvin Robertson, dba Ehrenberg Swapmeet, ("Robertson") appeals the dismissal of his complaint and being enjoined from using his property in violation of the zoning regulations by summary judgment in favor of La Paz County and the La Paz County Board of Supervisors (collectively, "the County"). Because we find that the Board of Supervisors ("the Board") did not act arbitrarily or capriciously or abuse its discretion in denying the special use permit, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Robertson owns 1.83 acres of property in La Paz County and uses it to operate a swap meet and recreational vehicle ("RV") park. The property is zoned as a manufactured/mobile home subdivision district and a general commercial district ("C-2"). The County's zoning regulations, however, provide that an RV park is not permitted on property less than five acres. *See* La Paz Cnty. Bd. of Supervisors Res. No. 2002-22 (2002) (amending 1996 zoning regulations to establish a five-acre minimum parcel size for an RV zoning district). The C-2 zoned property, as a result, can only be used as an RV park if Robertson secured a special use permit. *See* La Paz Cnty., Zoning Regulations ("Zoning Reg."), app. B, p. B-7 (1996).

**¶3**        Robertson was informed in 2002 that his RV park was in violation of the zoning regulations by the County Department of Community Development ("the Department"). Robertson then filed a declaratory judgment action seeking authorization to continue the operation of his RV park. *See* La Paz Cnty. Superior Court Case No. CV 2002-0151. The superior court dismissed the action for lack of jurisdiction because Robertson failed to exhaust his administrative remedies by not applying for a special use permit.

2

¶4            The Department issued a notice of violation to Robertson in 2007, and a second in 2009, for operating his RV park without a special use permit or RV zoning.  After the second notice, Robertson applied for a special use permit.

¶5            At the hearing before the Planning and Zoning Commission, the Department's director recommended approving the special use permit with conditions.  The Commission discussed concerns about the septic system, heard the objections of the landowner adjacent to Robertson's property, and heard from Robertson that he had resolved any citations and that his neighbor was the only person objecting to the special use permit. The Commission voted unanimously to recommend the denial of the special use permit.

¶6            The Board subsequently considered Robertson's application for a special use permit.  The Department's director again recommended approving the permit, but the Board voted unanimously to deny a special use permit.  Robertson was subsequently fined for his violation of the zoning regulations.

¶7            Robertson filed a complaint in superior court challenging the denial of the special use permit.  He alleged that the denial of the special use permit by the Board violated his substantive due process rights, constituted a regulatory taking, and the post-denial citations by the County amounted to an intentional infliction of emotional distress.  The County answered and filed a counterclaim to enjoin Robertson from using his property in violation of the zoning regulations.  Robertson responded to the counterclaim.

¶8            The County subsequently filed a motion for summary judgment.  The County argued that the court could not substitute its judgment for the Board's legislative decision to deny the special use permit and, alternatively, that the Board's decision was an administrative action which should be upheld because Robertson failed to show the Board's decision was against the weight of the evidence, unreasonable, erroneous, or illegal as a matter of law.  Robertson responded by arguing that there was a factual dispute as to how and why the Board denied a special use permit and whether that decision was arbitrary and capricious. The court subsequently granted summary judgment to the County after concluding the zoning decision was an administrative act, and Robertson failed to show the decision was against the weight of the evidence, unreasonable, erroneous, or illegal.  As a result, the court dismissed

Robertson's claims and enjoined him from using his property in violation of the zoning regulations.

¶9 Robertson filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(1).[1]

**DISCUSSION**

¶10 Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). We review the trial court's grant of summary judgment de novo, determining whether any genuine issue of material fact exists and whether the trial court properly applied the law. *Rand v. Porsche Fin. Servs.,* 216 Ariz. 424, 429, ¶ 15, 167 P.3d 111, 116 (App. 2007). When reviewing the decision of a zoning board, the board's decision is presumed correct, "and any attack on it must establish that the decision was against the weight of the evidence, unreasonable, erroneous, or illegal as a matter of law." *Rivera v. City of Phx.,* 186 Ariz. 600, 602, 925 P.2d 741, 743 (App. 1996); *accord Mueller v. City of Phx. ex rel. Phx. Bd. of Adjustment II,* 102 Ariz. 575, 581, 435 P.2d 472, 478 (1967); 3 Edward H. Ziegler, Jr., *Rathkopf's The Law of Zoning and Planning* § 62:36 (Arden H. Rathkopf et al. eds., 4th ed. 2013) ("A court will not substitute its own judgment for that of a board unless it is demonstrated that the latter's decision is arbitrary, contrary to law, or not supported by substantial evidence."). We are mindful that a governmental body making a zoning decision does so in a quasi-administrative and legislative role. *Town of Paradise Valley v. Gulf Leisure Corp.,* 27 Ariz. App. 600, 605, 557 P.2d 532, 537 (1976). Thus, to avoid summary judgment Robertson had to establish genuine issues of material fact showing the Board's decision was against the weight of the evidence, unreasonable, erroneous, or illegal.

¶11 Robertson contends that there is a genuine issue of material fact – whether the Board acted reasonably by denying his special use permit because all of the Board's concerns were adequately addressed and the Department recommended approving the special use permit. We disagree.

¶12 Although the Board had to resolve conflicting evidence, the fact that it denied the special use permit does not make its decision unreasonable or against the weight of the evidence. The Board had

---

[1] We cite to the current version of the statute absent material changes.

discretion to weigh the evidence for and against the special use permit, and decide whether to grant or deny the permit. The Board's discretionary policy decision is not before us; rather, we consider only whether the superior court correctly found there was some evidence to support the Board's decision. *See Mueller,* 102 Ariz. at 581-82, 435 P.2d at 478-79.

¶13 The Board had concerns about parking for the swap meet if there was also an RV park on the property. The Director noted the parking "shouldn't be a problem" and could be relocated if necessary. The Board also noted the history of building code violations and was told there were currently no known violations. There were also concerns about the small size of the lot in comparison to the zoning regulations for an RV park and the need for revisiting the issue if a special use permit was issued. The Board had discretion to weigh the Director's answers to its concerns in light of the zoning regulations. Courts do not reweigh the evidence before the Board. *Id.* at 581, 435 P.2d at 478; *Murphy v. Town of Chino Valley*, 163 Ariz. 571, 576, 789 P.2d 1072, 1077 (App. 1989). Here, the zoning regulations state:

> No special use permit shall be issued unless evidence is available to indicate that the use will:
>
> 1. be located, designed, and operated in a way that will be compatible with the livability . . . of abutting properties and the surrounding neighborhood;
>
> 2. not seriously interfere with existing uses on adjacent properties . . . ;
>
> 3. not impose an undue burden on any public improvements, facilities, utilities, or services available to the area.

*See* Zoning Reg. § VI-2-2(C).[2]

---

[2] Although the County did not cite to the specific zoning regulation governing special use permits, the record reveals that the Commission and Board had concerns about parking and an adequate septic system. Moreover, the plain language of the zoning regulation provision anticipates that a landowner will seek a special use permit before using

¶14 The Board raised legitimate concerns regarding the parking capacity. The Director's response that parking "should not be a problem" arguably does not establish that the use is "compatible with the livability" of existing neighboring property or that it will "not seriously interfere with existing uses on adjacent properties." *See id.* § VI-2-2(C)(1), (2). There was also no response to the Commission's question whether the septic system was adequate to handle the needs of the swap meet *and* the RV park.[3] Given the lack of evidence, the Board could reasonably conclude that Robertson failed to show that the RV park would "not impose an undue burden on any public improvements, facilities, utilities, or services available in the area." *Id.* § VI-2-2(C)(3). The Board, therefore, was within its discretion to deny the permit. *See* 2 Patricia E. Salkin, *American Law of Zoning* § 14:27 (5th ed. 2014) ("Failure on the part of the applicant to . . . supply information reasonably required, may be a sound basis for denial of permit.").

¶15 Additionally, the recommendation of the Department to approve the special use permit does not create a material issue of fact precluding summary judgment. The Board cannot delegate to the Department's director its authority to decide whether the facts warrant the grant or denial of a special use permit. *See id.* § 14:17 (noting that the Board "may not default [its] obligation by relying wholly upon the recommendation of a planning board or the opinion of municipal officials." (footnotes omitted)). The Board was within its discretion to independently decide this matter. Robertson failed to show that a reasonable juror could conclude that the Board's "decision was against the weight of the evidence, unreasonable, erroneous, or illegal as a matter of law." *Rivera,* 186 Ariz. at 602, 925 P.2d at 743. Accordingly, we affirm the summary judgment dismissing Robertson's claims and enjoining him from using his property in violation of the zoning regulations.

¶16 Robertson also argues the County's counterclaim is barred by the doctrine of laches. Robertson did not raise the defense in response to the County's summary judgment motion. It was not an issue addressed in the summary judgment pleadings. We do not consider arguments

---

the property for an otherwise nonconforming purpose. Here, Robertson used his parcel as an RV park for more than seven years before seeking a special use permit.

[3] The record before the Board included minutes from the Commission hearing.

raised for the first time on appeal, when that argument could have been raised in and decided by the trial court. *See Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 171, ¶ 52, 171 P.3d 610, 622 (App. 2007). Accordingly, we will not address an argument raised for the first time on appeal.

**ATTORNEYS' FEES ON APPEAL**

**¶17** Robertson requests an award of attorneys' fees and costs on appeal. Because he did not prevail on appeal, we deny his request.

**CONCLUSION**

**¶18** Based on the foregoing, we affirm the summary judgment in favor of the County.



Ruth A. Willingham · Clerk of the Court
FILED: MJT